# Richmond

JAMES W. PEERY v. VIRGINIA BOARD OF FUNERAL DIRECTORS AND EMBALMERS, ET AL.

November 27, 1961.

Record No. 5360.

Present, All the Justices.

*Paul M. Shuford* (*Wallerstein, Goode, Adamson & Dobbins*, on brief), for the petitioner.

*Jack N. Herod* (*Bowles, Boyd & Herod*, on brief), for the respondents.

SPRATLEY, J., delivered the opinion of the court.

On April 26, 1961, James W. Peery, hereinafter referred to as petitioner, filed his original petition alleging that notwithstanding his compliance with Code, §§ 54-260.24 and 54-260.25, as amended, the Virginia Board of Funeral Directors and Embalmers, and its individual members, had denied his application for a license as a funeral director. He prayed that a writ of mandamus forthwith issue requiring and compelling the said Board and each member thereof to issue and deliver to him a license as a funeral director within the meaning of that term as set forth in § 54-260.1 of the Code of Virginia, 1958 Replacement Volume.

The Virginia Board of Funeral Directors and Embalmers and its individual members filed a joint answer, which admitted petitioner's compliance with the requirements of §§ 54-260.24 and 54-260.25, and stated that they refused to issue the said license on the ground that § 54-260.25, as amended by Chapter 356, Acts of 1960, is invalid and unconstitutional, in that it constituted special legislation in violation of §§ 63 (18) and 64 of the Constitution of Virginia.

Section 54-260.25, with the 1960 amendment in italics, reads as follows:

"54-260.25. The examination for funeral director's license shall be both theoretical and practical and shall embrace the subjects of bacteriology, care and disposition of the dead, disinfection and sanitation, infectious and contagious diseases, mortuary law and administration and such other subjects as the Board may from time to time deem appropriate and necessary to establish a reasonable knowledge of the care and disposition of the dead and of the sanitation and disinfection of the bodies of deceased persons, their clothing, bedding and living quarters, and competence to engage in the profession or

business of funeral directing and as the Board may set out in its rules, regulations and by-laws. The examination shall be written or partly written and partly oral and by practical demonstration, but the board may at any examination or from time to time dispense with either or both the oral or practical demonstration part of the examination; *provided, that no examination shall be required of any person who was a licensed embalmer in this State on June twenty-eight, nineteen hundred and thirty-six, and is the holder of an embalmer's license on the effective date of this act, who by reason of a service-connected disability was hospitalized in a veteran's hospital on June twenty-eight, nineteen hundred and thirty-six, and who has been from January first, nineteen hundred and thirty-eight continuously associated and connected with a business conducting 'Funeral directing' as defined in § 54-620.1 of the Code. Any person entitled to exemption hereunder shall file, not later than sixty days after the effective date of this act, with the President of the Virginia Board of Funeral Directors and Embalmers an application for license as a 'Funeral Director', which application when verified by the affidavit of the applicant and supported by documentary evidence of such hospitalization shall entitle such person, if he is the holder of such license as an embalmer, to a funeral director's license."*

Section 63 (18) of the Constitution, in part, provides that the General Assembly shall not enact any local, special or private law, "Granting to any private corporation, association, or individual any special or exclusive right, privilege or immunity."

Section 64, in part, provides that the General Assembly shall make general laws, and that: "Any general law shall be subject to amendment or repeal, but the amendment or partial repeal thereof shall not operate directly or indirectly to enact, and shall not have the effect of the enactment of, a special, private, or local law."

It further provides that: "No private corporation, association, or individual shall be specifically exempted from the operation of any general law, nor shall its operation be suspended for the benefit of any private corporation, association, or individual."

It is stipulated by the parties that petitioner was a licensed embalmer in Virginia on June 28, 1936; that he was the holder of such license on June 27, 1960, continuously to the date of his application for a license as a funeral director; that he was hospitalized at a Veterans' Administration Facility on June 28, 1936, by reason of a disability incurred in military service during World War I; that except for the period of his hospitalization he had been from Janu-

ary 1, 1938, continuously associated and connected with the business of conducting "funeral directing" as defined in § 54-260.1; that he had filed his application for a license as a funeral director not later than 60 days after June 27, 1960, with the president of the Virginia Board of Funeral Directors and Embalmers, together with supporting documentary evidence in compliance with § 54-260.25.

Short depositions were taken, wherein it was conceded that a person who was licensed as an embalmer in Virginia, and was associated and connected with a funeral director, at the time an Act of the General Assembly of 1936 became effective, could have thereafter applied for and obtained a funeral director's license under the "grandfather clause," a provision in that Act, Acts 1936, page 225, § 1720-a, Michie's Code, 1942.

Over the objection of the petitioner, respondents further presented the testimony of several witnesses that a member of the General Assembly as a sponsor of the 1960 amendment, at a public hearing before the Senate General Laws Committee, had stressed the fact that it affected only one person.

Reference to the historical background of the statutes involved may be helpful. In 1936, the General Assembly revised the statutes governing funeral directors and embalmers, Acts 1936, Chapter 127, page 219, approved March 7, 1936. The revision relating to the examination and licensing of embalmers and funeral directors thereafter became coded as §§ 1720 and 1720-a, Michie's Code, 1942.

In § 1720-a, relating to funeral directors, there was a so-called "grandfather clause," which specially provided that "No examination shall be required of any person engaged in the business of funeral directing or assisting a funeral director at the time this chapter becomes effective, but all other persons shall take such examination as the Board may require as a prerequisite to the granting of a license." Acts 1936, page 224.

In a subsequent revision of the statutes relating to embalmers and funeral directors, Acts 1948, Chapter 348, the "grandfather clause" was omitted, and former §§ 1720, 1721, Michie's Code of 1942, relating to embalmers, became sections 54-247, 54-248, and 54-249, Code of 1950; and former § 1720-a, relating to funeral directors, became sections 54-244, 54-245, and 54-246, Code of 1950.

In 1956, the General Assembly again revised the statutes relating to the same subject, repealed §§ 54-217 to 54-260, and added in Title 54 a new chapter numbered 10.1, consisting of sections 54-260.1 to 54-260.64, inclusive, 1958 Replacement Volume, Acts 1956, Chapter

220, page 228. New sections 54-260.22 to 54-260.25 related to the examination and licensing of funeral directors, and sections 54-260.26 to 54-260.29 related to the examination and licensing of embalmers. Supplement, Code of Virginia, 1950.

Respondents contend that the 1960 amendment is unconstitutional, in that it is special legislation, arbitrary, and unreasonable. They argue that it is applicable to but one person only, the petitioner, relying upon the proffered testimony that it was enacted by the General Assembly upon that representation and the opinion of its sponsor that no one else was concerned.

We need consider only whether the Act was by its terms special legislation. The testimony relied on to show that it was enacted for the benefit of one person only is purely hearsay, immaterial, incompetent, and inadmissible. When a statute is clear and unambiguous, we look to its language and not to the intent and purpose of its sponsors.

What is a special act and what is a general act present questions that are difficult and perplexing. No definite rule has been framed by which to solve the questions. It has been found generally expedient to leave the matter to a considerable extent to be determined upon the special circumstances of each case.

There has been no decision directly in point in Virginia. There is a conflict of authority elsewhere. We, therefore, feel free to adopt that construction which appears to us to be in accord with the policy of this Commonwealth and is most reasonable and just as applied to the facts of the case involved.

It has long been established that every presumption is to be made in favor of an act of the legislature, and it is not to be declared unconstitutional except where it is clearly and plainly so. Courts uphold acts of the legislature when their constitutionality is debatable, and the burden is upon the assailing party to prove the claimed invalidity. *Martin's Ex'rs* v. *Commonwealth*, 126 Va. 603, 102 S. E. 724; *Roanoke* v. *Michael's Bakery Corporation*, 180 Va. 132, 142, 21 S. E. 2d 788; *Staples* v. *Gilmer*, 183 Va. 613, 621, 33 S. E. 2d 49; *Joyner* v. *Centre Motor Co.*, 192 Va. 627, 635, 66 S. E. 2d 469; *Harrison* v. *Day*, 200 Va. 764, 770, 107 S. E. 2d 594; 4 Michie's Jurisprudence, Constitutional Law, § 59, pages 149 *et seq.*; and 17 Michie's Jurisprudence, Statutes, § 29, pages 273 *et seq.*

"If any reasonable doubt exists as to its constitutionality, the act will be upheld. To doubt is to affirm. The mere passage of a statute is an affirmance by the General Assembly of its constitutional power

to adopt it, and the case must be plain indeed before a court will declare a statute null and void. These principles have been repeatedly announced by this court from a very early date." *City of Roanoke* v. *Elliott*, 123 Va. 393, 406, 407, 96 S. E. 819.

"It is only where an act is plainly repugnant to some constitutional provision that the courts can declare it null and void. If there be reasonable doubt whether the act violates the fundamental law, that doubt must be resolved in favor of the act." *Almond* v. *Day*, 199 Va. 1, 6, 97 S. E. 2d 824.

■ Taking the language of the amendment of 1960 as it stands, we find it clear and without ambiguity. It needs no extrinsic evidence to prove its intent and purpose. There is no provision in it that it, in fact, applies to only one person. It granted to every disabled veteran within the classification prescribed, who was unable to avail himself of the provisions of the Act of 1936, while it was in force, an opportunity to obtain a license as a funeral director without examination, if he made application therefor within the time specified. The amendment does not bear on its face any evidence of an exclusive or discriminatory purpose; nor does it lack uniformity. The necessity and reasonableness thereof were primarily for the legislature to determine.

It has been the policy of the General Assembly of Virginia to look with favor on provisions for the welfare of its veterans, particularly those who have been disabled in service, or who have been unable, because of such service to avail themselves of the benefits and favors extended to others.*

■ It is conceded that a licensed embalmer, who has been associated and connected with the business of conducting "funeral directing," possesses high qualifications as a funeral director. Such qualifications provide a reasonable relation and connection to his entitlement to a license as a funeral director without examination. The classification is germane to the subject matter of the amendment.

Constitutional prohibitions against special legislation do not prohibit classification, provided the classification is not arbitrary or unreasonable; and the burden is upon the assailing party to show otherwise.

---

*Among its enactments, see Code, § 2-74, which provides for use of rooms in the State Office Building or other office building for veterans organizations; § 2-80 requiring automatic increases or preference ratings to be given to veterans on examinations for State employment; and § 54-68 authorizing the Supreme Court of Appeals to grant licenses to practice law to former members of the armed forces, under certain conditions.

In *Martin's Ex'rs* v. *Commonwealth, supra,* 126 Va., at page 618, we said:

"Laws may be made to apply to a class only, and that class may be in point of fact a small one, provided the classification itself be a reasonable and not an arbitrary one, and the law be made to apply to all persons belonging to the class without distinction."

The classification in the amendment of 1960 does not restrict or burden any one meeting its requirements. The reasonableness of its purpose is shown in its language, that is, to permit enjoyment of the benefit provided for veterans whose service-connected disabilities prevented timely enjoyment. It merely extends, for a reasonable period of time, a classification no less stringent than that contained in the 1936 Act.

Respondents rely strongly on *Matter of Mayor, etc., of New York (Elm St.),* 246 N. Y. 72, 158 N. E. 24. In that case, Cardozo, Chief Justice, pointed out that the legislation attacked was special and local both in terms and in effect. Said he: "This group of conditions so unusual and particular is precisely fitted to the claimant's case, and only by a most singular coincidence could be fitted to any other. If we may not say of such a coincidence that it is literally impossible, at least we may say that one would be surprising, and several would be marvelous. An act is not general when the class established by its provisions is at once so narrow and so arbitrary that duplication of its content is to be ranked as an unexpected freak of chance, a turn of the wheel of fortune defying probabilities." This cannot be said of the case at bar.

Respondents have failed to show that the 1960 amendment is arbitrary, unreasonable, and constitutes special legislation. We find nothing in §§ 63 (18) or 64 of the Constitution that forbade its enactment; and upon the record, we hold that petitioner is entitled to receive a license as a funeral director from the Virginia Board of Funeral Directors and Embalmers.

The writ of mandamus prayed for is awarded.

*Mandamus awarded.*