Richmond

# VICTOR L. DAVIS, JR.

### v.

## COMMONWEALTH OF VIRGINIA

October 6, 1978.

Record No. 771396.

Present: All the Justices.

*Mary H. Keating (Thomas B. Shuttleworth; Douglas Fredericks; Clark, Hofheimer & Stant; Fredericks & Buckley,* on brief) for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief) for defendant in error.

I'ANSON, C.J., delivered the opinion of the Court.

Victor L. Davis, Jr., was found guilty of contempt under Code § 18.2-456(5)* for failing to produce certain documents subpoenaed by a special grand jury, and he was sentenced to four months in jail and fined $500.

The record shows that a special grand jury was impanelled by the court below on May 25, 1977. Immediately thereafter, the foreman, acting under Code § 19.2-208, issued a subpoena *duces tecum* directing Davis to appear before the grand jury with certain specified documents of Davis Truck & Auto Supply, Inc. and/or Tractor & Truck Parts, Inc., at 2:00 p.m. on May 25. Service of the subpoena was accepted by Davis' brother, an officer of the corporations. The next day, Davis appeared and produced several packages of documents but refused to testify.

On May 31, 1977, Davis filed a motion to quash the subpoena on the ground that it violated his privilege against self-incrimination guaranteed by Article I, Section 8 of the Virginia Constitution and the Fifth Amendment to the Federal Constitution. After argument of counsel, the motion was denied on the ground that the self-incrimination right could not be asserted with respect to records of the corporations which Davis was called upon to produce. The documents brought into court on May 26 were delivered to the grand jury. Davis then produced several packages of additional corporate records pursuant to a second subpoena *duces tecum* issued by the foreman of the grand jury on the same day.

At approximately 4:00 p.m. on June 1, an Assistant Commonwealth's Attorney advised the trial judge that it was his belief Davis had not fully complied with the subpoenas. As a result of this communication, the Assistant Commonwealth's Attorney, acting

---

* "18.2-456. **Cases in which courts and judges may punish summarily for contempt. —** The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:

. . . .

"(5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court."

upon the direction of the trial judge, placed a telephone call from the office of the judge to Davis' attorney requesting that he notify Davis to appear before the court the next morning at 10:30. No rule or other process was issued against Davis.

When Davis, his counsel, and the attorney for the Commonwealth appeared before the court at the appointed time, the trial judge advised Davis for the first time that Code § 18.2-456, as amended, authorizes the court to punish summarily for contempt when there has been noncompliance with a subpoena issued by the foreman of a special grand jury.

A hearing ensued and continued the rest of that day and into the next day. The Commonwealth presented evidence that Davis had not produced certain records specified in the subpoenas *duces tecum.* Throughout the course of the hearing, defendant's counsel requested an adjournment for two days in order that he might "defend this charge properly." He said that he had not had an opportunity to examine the documents seized under a search warrant issued on April 9, 1977, which were in possession of the special grand jury, and that he was not prepared for a full-scale hearing because he had not had an opportunity to assemble other documents, some of which were in his office. All these motions were denied and the hearing continued despite the trial judge's statement that he was not aware that a "full-fledged" contempt hearing was to be held until the Commonwealth's Attorney requested it as the hearing commenced.

Davis contends that the contempt for which he was punished was an "indirect contempt"; that he was denied due process of law because no rule or other legal process was issued against him before a hearing was held; that he was not told the purpose of his appearance in court on June 2, until the hearing was convened; and that he was not given a fair opportunity to prepare a defense.

The Attorney General concedes that the contempt for which Davis was found guilty was "indirect" or "constructive," but he contends that the notice to the defendant satisfied the procedural due process requirement.

We agree that the alleged contempt was "indirect" or "constructive" in that it did not occur in the presence of the court. However, we do not agree that the verbal notice Davis received satisfied the procedural due process requirement.

In *Burdett's Case*, 103 Va. 838, 48 S.E. 878, 68 L.R.A. 251 (1904), we said:

> "[T]he substantial difference between a direct and a constructive contempt is one of procedure. Where the contempt is committed in the presence of the court, it is competent for it to proceed upon its own knowledge of the facts, 'and to punish the offender without further proof, and without issue or trial in any form.' (Citations omitted.)
>
> "In dealing with indirect contempts—that is, such as are committed not in the presence of the court—the offender must be brought before the court by a rule or some other sufficient process; but the power of the court to punish is the same in both cases." 103 Va. at 845-46, 48 S.E. at 880-81.

In the present case, no rule or other sufficient process was issued against Davis. The verbal notice received by Davis' attorney did not inform Davis that a hearing would be held to show cause why he should not be adjudged in contempt of court. It was not until Davis appeared before the court that he was advised by the trial judge that he could be summarily adjudged in contempt for failing to deliver the specified documents set out in the subpoenas *duces tecum.* Moreover, the trial judge himself was not aware that the Commonwealth would request a "full-fledged" hearing for contempt on June 2. The function of notice is to inform the offender of the charge against him and to afford him a reasonable opportunity to prepare for a hearing of the matter. The notice to Davis was insufficient to show that there would be a hearing before the court to determine whether he should be adjudged in contempt. Since the notice was inadequate and the trial court abused its discretion in not granting a continuance, Davis was denied due process of law. *Cf. Board of Supervisors* v. *Bazile,* 195 Va. 739, 746, 80 S.E.2d 566, 571 (1954).

For the reasons stated, the judgment of the court below is set aside and reversed, and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*