COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


KRYSTAL ASHLEY WILSON,
 s/k/a KRYSTAL ASHLEY HANDY WILSON
                                        OPINION BY
v.        Record No. 2185-95-3     JUDGE LARRY G. ELDER
                                      OCTOBER 15, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF PULASKI COUNTY
               Colin R. Gibb, Judge

        Marc Alan LeBlanc (Law Offices of Moore and
        Groseclose, on briefs), for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Krystal Ashley Wilson (appellant), a juvenile, appeals the

circuit court's order finding her guilty of criminal contempt for

failure to honor a subpoena.  Appellant contends that (1) the

circuit court lacked jurisdiction to convict her, a juvenile, of

criminal contempt; (2) the circuit court erred in failing to

appoint a guardian ad litem before issuing the subpoena and

holding the show cause hearing; and (3) the circuit court erred

in sentencing her to jail for criminal contempt.  For the

following reasons, we affirm the circuit court's order.

                            I.

                          FACTS

     Darren Wayne Wilson allegedly committed the crime of

unlawful carnal knowledge of a child upon appellant, who was

sixteen years old at the time of the instant proceedings.  After

Darren Wilson's indictment, but before his trial, Wilson married appellant. The circuit court scheduled a hearing to review the status of the marriage pursuant to Code § 18.2-66 and personally served appellant with a subpoena ordering her to attend the hearing. Appellant failed to attend the hearing.

The circuit court issued a show cause order for appellant to explain why she should not be held in contempt for disobeying the subpoena. The court appointed defense counsel for appellant. At the show cause hearing, appellant's counsel argued that the juvenile and domestic relations district court was the proper forum for the contempt matter and that the circuit court lacked jurisdiction over appellant. Counsel also argued that for any court to obtain jurisdiction over a juvenile defendant or contemnor the court is required to appoint a guardian ad litem for the juvenile. The circuit court rejected appellant's arguments, found appellant guilty of criminal contempt, and imposed a sentence of four days "in the Pulaski County Jail" to be suspended upon the completion of twenty-five hours of community service.

II.

CIRCUIT COURT'S POWER TO PUNISH JUVENILE FOR CRIMINAL CONTEMPT

Appellant's primary argument is a jurisdictional one: she asserts that the circuit court lacked jurisdiction to punish her, a juvenile, for criminal contempt of court. Appellant's argument relies on Code § 16.1-241(A)(1), which states that the juvenile

2

and domestic relations district courts possess exclusive jurisdiction over all matters involving delinquent juveniles.[1] We hold in this case of first impression that a circuit court possesses the inherent power to punish juveniles for criminal contempt for disobedience to its orders, decrees, and processes.

It has long been recognized in Virginia that the power of a court to punish for contempt is "inherent in the nature and constitution of a court." Holt v. Commonwealth, 205 Va. 332, 336-337, 136 S.E.2d 809, 813 (1964), rev'd on other grounds, 381 U.S. 131 (1965); see Carter v. Commonwealth, 2 Va. App. 892, 395, 345 S.E.2d 5, 7 (1986); Nicholas v. Commonwealth, 186 Va. 315, 321, 42 S.E.2d 306, 309 (1947); Carter v. Commonwealth, 96 Va. 791, 32 S.E. 780, 782 (1899); Wells v. Commonwealth, 21 Gratt. (62 Va.) 500, 503 (1871). While the General Assembly may regulate this power, it may do so "only in a way and to an extent not inconsistent with the exercise by the courts, with vigor and efficiency, of those functions which are essential to the discharge of their duties." Nicholas, 186 Va. at 321, 42 S.E.2d at 309 (citing Yoder v. Commonwealth, 107 Va. 823, 829, 57 S.E. 581, 583 (1907)). Specifically, courts must be authorized to exercise their power to punish for contempt "without referring the issues of fact or law to another tribunal . . . ." Nicholas, 186 Va. at 321, 42 S.E.2d at 309. Therefore, the juvenile code

---

[1] "Delinquent act" is defined, in pertinent part, as "an act designated a crime under the law of this Commonwealth." Code § 16.1-228.

3

will not be construed to require a circuit court seeking to punish a juvenile for contempt of a court's subpoena power to refer the legal or factual issues to a separate juvenile and domestic relations court.

"Punishment for . . . contempt is punitive in its nature and is imposed for the purpose of preserving the power and vindicating the dignity of the court." Local 333B, United Marine Div. v. Commonwealth, 193 Va. 773, 785, 71 S.E.2d 159, 166, cert. denied, 344 U.S. 893 (1952). "The power to fine and imprison for contempt is incident to every court of record. The courts ex necessitate rei, have the power of protecting the administration of justice, with a promptitude calculated to meet the exigency of the particular case." Board of Supervisors v. Bazile, 195 Va. 739, 746, 80 S.E.2d 566, 571 (1954). "Disobedience to 'any lawful process' is made subject to summary punishment for contempt by Code § 18.2-456(5)." Bellis v. Commonwealth, 241 Va. 257, 262, 402 S.E.2d 211, 214 (1991). Code § 18.2-456 states, in pertinent part:

> The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:
>
>     *    *    *    *    *    *    *
>
> (5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court.

"'Process' includes a subpoena directed to a witness." Bellis,

241 Va. at 262, 402 S.E.2d at 214.

Appellant concedes that she failed to honor the circuit court's subpoena, properly served upon her, when she refused to appear at the court's hearing. However, appellant argues that circuit courts lack jurisdiction to punish juveniles for criminal contempt. Despite appellant's contention, "[w]e refuse to hold that a [circuit court judge] who, in the exercise of his informed discretion, determines that a juvenile has willfully interfered with the business of the court, thereby impugning the court's dignity and authority, is without power to act." State v. DeLong, 456 A.2d 877, 880 (Me. 1983).

In a similar case, the Court of Appeals of Oregon observed that, "[w]hat little case law we have found appears unanimous in holding that the court in which the contempt occurs possesses full power to deal with a contemptuous juvenile in the same manner as it would any adult who committed a similar offense." State v. Tripp, 583 P.2d 591, 592-93 (Or. Ct. App. 1978).

> Contempt proceedings are sui generis. The ability of a court to preserve its jurisdiction and orders transcends other concerns, such as the juvenile/adult distinction. Absent a specific statutory directive to the contrary, we hold that the [circuit] court properly refused to transfer consideration of [appellant's] contempt to a juvenile court. We hold that the [Virginia] Code provision granting exclusive jurisdiction of juveniles to the juvenile court is inapplicable to cases of contempt committed in another court under circumstances like those found in this case.

Id. at 593.  Accord Doe v. Commonwealth, 486 N.E.2d 698, 699 (Mass. 1985)("courts . . . have uniformly recognized the right of a nonjuvenile court to punish direct contempt by a juvenile); Thomas v. State, 320 A.2d 538, 542 (Md. Ct. Spec. App. 1974)(holding that the statute conferring original exclusive jurisdiction over a juvenile to the juvenile courts is inapplicable to cases of direct contempt committed in another court); Bryant v. State, 271 N.E.2d 127, 130 (Ind. 1971)(same); Young v. Knight, 329 S.W.2d 195, 200 (Ky. Ct. App. 1959)("We construe the juvenile court statute as not depriving any other court of the inherent and essential right and power to consider and dispose of direct contempt"); Application of Balucan, 353 P.2d 631, 637 (Haw. 1960)(same).  At least one federal court has held the same.  In re Williams, 306 F. Supp. 617 (D.D.C. 1969). See generally, 17 Am. Jur. 2d Contempt § 54 (1990 & Supp. 1996); V. Woerner, Annotation, Court's Power to Punish for Contempt a Child Within the Age Group Subject to Jurisdiction of Juvenile Court, 77 A.L.R.2d 1004 (1961 & Supp. 1996).

### III.

### FAILURE TO APPOINT GUARDIAN AD LITEM

Appellant next asserts that when the circuit court placed appellant, a juvenile, in jeopardy of the court's criminal contempt power, it was required to appoint a guardian ad litem to protect the juvenile's interests.  Appellant claims that when the circuit court first subpoenaed her and then initiated an

adversarial proceeding against her for her failure to appear at the hearing, a guardian ad litem became necessary to act in loco parentis on her behalf.  We disagree.

As the Supreme Court of Virginia has held, "[a] defendant under a disability who is represented by counsel need not have appointed to him a guardian ad litem unless a statute applicable to a particular case expressly requires such an appointment." Wright v. Commonwealth, 245 Va. 177, 183, 427 S.E.2d 379, 384 (1993), vacated and remanded on other grounds, __ U.S. __, 114 S. Ct. 2701 (1994).  We find no statutory basis for appellant's assertion that the circuit court should have appointed a guardian ad litem, in addition to appointing counsel, to represent her interests.  The record does not reflect that appellant's counsel did not fully and adequately represent appellant's interests in the adversarial proceedings below.

Code § 8.01-9, which mandates the appointment of a guardian ad litem for a defendant under a disability in a civil suit, states that "no guardian ad litem need be appointed for such person unless the court determines that the interests of justice require such appointment; or unless a statute applicable to such suit expressly requires an answer to be filed by a guardian ad litem."  Code § 8.01-9(B).[2]  Furthermore, Code § 16.1-266(B),

---

[2]   While the Supreme Court and this Court have stated that infants must be represented by a guardian ad litem in all court proceedings, these pronouncements have been in the context of civil cases.  See Moses v. Akers, 203 Va. 130, 122 S.E.2d 864 (1961); Kanter v. Holland, 154 Va. 120, 152 S.E. 328 (1930); Pigg v. Commonwealth, 17 Va. App. 756, 441 S.E.2d 216 (1994)(en banc);

which mandates the appointment of counsel for juveniles appearing at delinquency hearings in courts not of record, states that juveniles enjoy only the right to counsel, not the right to guardians ad litem.  In light of these statutes, we hold that the General Assembly did not intend to require a circuit court to appoint a guardian ad litem whenever the court issues a subpoena to compel a juvenile's testimony or where the circuit court initiates criminal contempt proceedings against the juvenile where the juvenile is represented by counsel.

IV.

SENTENCING JUVENILE TO "JAIL" TIME

Finally, appellant contends that the circuit court erred in imposing a "jail" sentence upon appellant.  In support of her argument, appellant relies on Code § 16.1-292(A), which states that a juvenile and domestic relations district court shall confine juveniles who violate court orders "in a secure facility for juveniles rather than in jail."  We hold that circuit courts operate under the same sentencing restriction, and therefore the circuit court lacked authority to sentence the juvenile to jail, where the proceeding was one in which the juvenile had not been certified as an adult.  Contra DeLong, 456 A.2d at 882 (holding that trial court did not abuse its discretion in sentencing fifteen-year-old defendant to seven days in jail for criminal

Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 376 S.E.2d 787 (1989).

contempt; no statutory basis for the holding discussed).

However, we assume that trial judges have knowledge of the Commonwealth's laws and properly apply those laws.  See Strickler v. Murray, 249 Va. 120, 127, 452 S.E.2d 648, 652, cert. denied, __ U.S. __, 116 S. Ct. 146 (1995); Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  We therefore assume that in this case the circuit court was cognizant of the basic legal principle embodied in Code §§ 16.1-292, 16.1-249(B), which precludes juveniles who have not been certified as adults from being placed in adult detention facilities.  We decline to declare void the circuit court's sentencing order, see Pigg v. Commonwealth, 17 Va. App. 756, 760 n. 5, 441 S.E.2d 216, 219 n.5 (1994)(en banc)(discussing void and voidable judgments); instead we construe the word "jail" in the circuit court's order as complying with the law and meaning "the appropriate location for juvenile confinement."  To the extent necessary to conform to this opinion, the circuit court's order is hereby amended to reflect this holding.

Based on the foregoing, we affirm the circuit court's order as amended herein.

Affirmed.