# CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Shanea Tanner

July 17, 2007

Case No. CR07-256

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant appealed her summary contempt adjudication and sentencing from the Juvenile and Domestic Relations District Court (J&D). She contends, citing *Crawford v. Washington*, 541 U.S. 36 (2004), the Sixth Amendment to the United States Constitution, and Article I, Section 8, of the Constitution of Virginia, that the "certificate of conviction and the particular circumstances of the offense," as prepared by the J&D judge pursuant to § 18.2-459, Code of Virginia (1950), as amended, is testimonial hearsay and inadmissible against her. She argues that this is an appeal of a criminal case and that she has a right in all criminal cases to confront and cross-examine the witnesses against her, who in this case include the J&D judge who found her summarily to be in contempt of court. The judge, by statute, is incompetent to testify "as to any matter which came before him in the course of his official duties." § 19.2-271, Code of Virginia (1950), as amended. As a practical matter, that means that, if the Defendant is correct in her legal argument, the Commonwealth would have no evidence against the Defendant as they would not be able to call the judge as a witness by statute, nor would they be able to use his certificate setting forth the facts of the case.

The Commonwealth's position is that the certificate is admissible against the Defendant and the J&D judge does not need to testify. They believe that § 18.2-459 is a constitutionally permissible statutory exception, designed to allow the facts to be presented to the trial judge on appeal and, at the same time, allowing the J&D judge to avoid testifying, all as contemplated by § 19.2-271. They argue that constitutional rights yield to a court's contempt powers.

## Contempt

When courts are created they come complete with the power to protect themselves and to enforce their orders through the exercise of contempt powers. Those contempt powers are inherent in any court. They are part of the makeup of the court. They form an essential building block of the court. There is not a separate grant of jurisdiction to hear contempt matters. That jurisdiction, authority, and power arises in the court at the moment of its inception. *See Carter v. Commonwealth*, 96 Va. 791, 806-08, 810, 816 (1899), *and Wilson v. Commonwealth*, 23 Va. App. 318, 322 (1996); *see also Ex parte Robinson*, 86 U.S. 505, 510 (1893). In addition to its contempt jurisdiction, courts are granted the separate and distinct jurisdiction to hear civil cases and the separate and distinct jurisdiction to hear criminal cases.

Contempt powers and proceedings are *sui generis. Wilson*, 23 Va. App. at 323; *Myers*, 264 U.S. at 103. That means they are the only ones of their own kind or class. They do not arise from the courts criminal jurisdiction or from its civil jurisdiction. They arise from their own independent contempt jurisdiction. *See Carter*, 96 Va. At 809 (distinguishing the power or jurisdiction of contempt from jurisdiction over crimes against the state); *see also Myers v. United States*, 264 U.S. 95, 103-05 (1924) (distinguishing contempt proceedings from criminal prosecutions). The reference to some contempt proceedings as being civil and some as being criminal simply means that those particular contempt proceedings have more attributes of a civil case or more attributes of a criminal case. The fact that a contempt case may be in the nature of a criminal case or in the nature of a civil case does not change the fact that they develop from, and are governed entirely by, the court's contempt jurisdiction.

The claim by the Defendant that the presentation of the certificate of conviction and the allegation of facts that it contains violates her rights of confrontation under the Sixth Amendment to the United States Constitution and her confrontation rights under Article 1, Section 8, of the Constitution of Virginia, is misplaced. Those basic constitutional rights, as explained in

*Crawford v. Washington*, only apply when the court exercises its criminal jurisdiction. They do not apply when the court exercises its civil jurisdiction and they do not apply when the court exercises its contempt jurisdiction. In this particular case, the court is exercising its contempt jurisdiction. Therefore, the constitutional criminal safeguards as discussed in *Crawford v. Washington* have no bearing on this case. The statutes cited by the Commonwealth are constitutional and are not in conflict with each other.

Accordingly, Defendant's motion to suppress the "certificate of conviction and particular circumstances of the offense" is denied.