## Salem

### JOHNNY STEVENSON SMITH

### v.

### COMMONWEALTH OF VIRGINIA

No. 0227-92-3

Decided September 28, 1993

COUNSEL

Henry A. Barringer (Galumbeck, Simmons & Reasor, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

KOONTZ, J.—Pursuant to a plea agreement, Johnny Stevenson Smith (Smith) pled guilty to attempted capital murder and use of a firearm in the commission of a felony and was found guilty of these charges. The trial court deferred imposition of the sentence agreed to in the plea agreement until such time that Smith had complied with the terms of the plea agreement. When Smith failed to comply with the terms of the plea agreement, the trial court refused to permit Smith to withdraw his guilty pleas and refused to impose the sentence agreed upon in the plea agreement. On appeal, Smith contends that the trial court erred in refusing to permit him to withdraw his guilty pleas. Because the trial court rejected the plea agreement, we hold that Rule 3A:8(c)(4) required the trial court to permit Smith to withdraw his guilty pleas. Accordingly, we reverse the trial court's judgment.

Smith was charged with attempted capital murder and use of a firearm in the commission of a felony. On November 30, 1989, Smith, his attorney, and the special prosecutor entered into a written plea agreement. Pursuant to this agreement, Smith agreed to plead guilty to attempted capital murder, for which he would receive a sentence of sixty years with forty-seven years suspended. He also agreed to plead guilty and receive two years on the firearm charge. Smith further agreed to "cooperate fully and testify truthfully in the cases of Commonwealth v. Cornelius Rife, Patricia Ann Justus, Sharon Justus Smith, [and] Frank Eugene Justus." The agreement provided that Smith's failure to cooperate "shall constitute a violation of the plea agreement." Furthermore, the agreement stated that the "Court shall defer imposition of sentence until such time as the Defendant has completed and fully complied with the terms and provisions" regarding testifying in the cases involving the co-defendants.

On August 6, 1990, Smith appeared before the Circuit Court of Buchanan County and, pursuant to the plea agreement, pled guilty to

the charges. The court accepted the guilty pleas and found Smith guilty of the charges. The plea agreement was tendered to the court for its examination. The court then asked whether "there [is] any reason at this time why the Court should not impose the punishment set out in the plea agreement." The special prosecutor asked the court to defer imposition of any sentence pursuant to the agreement "until such time as this Defendant shows he intends to fully comply with the agreement . . . until we can complete those other cases." The court agreed to defer sentencing until disposition of the companion cases.

The agreement was signed by Smith, his attorney, and the special prosecutor. However, the agreement, which provides a signature line for the judge either to approve or disapprove the agreement, was not signed by the judge.

In the trial of Commonwealth v. Frank Eugene Justus, Smith was called as a witness on behalf of the Commonwealth. However, Smith refused to testify and was found guilty of contempt of court on October 30, 1990.

On January 18, 1991, Smith moved to withdraw his guilty pleas. Following a hearing on the matter, in a letter opinion dated April 16, 1991, the court denied Smith's motion, stating that Smith had breached the plea agreement. The sentencing hearing was held on July 22, 1991. The court stated: "I am not accepting the plea agreement because the Defendant violated the plea agreement." However, the court refused to permit Smith to withdraw his guilty pleas. The court then sentenced Smith to forty years on the charge of attempted capital murder and two years on the charge of use of a firearm during the commission of a felony.

■ Rule 3A:8(c)(1)(C) provides that a defendant, his attorney and the attorney for the Commonwealth may enter into a plea agreement that agrees that a specific sentence is the appropriate disposition of the case. This type of plea agreement is often referred to as a "dispositional" plea agreement. If the court rejects a dispositional plea agreement, the defendant "shall have the right to withdraw his plea of guilty."[1] Rule 3A:8(c)(4).

---

[1] By contrast, Rule 3A:8(c)(2) provides that a defendant has no right to withdraw his guilty plea if the court does not accept a "recommendation" plea agreement, which merely recommends a particular sentence, unless the Commonwealth fails to perform its part of the agreement. See generally Holler v. Commonwealth, 220 Va. 961, 265 S.E.2d 715 (1980); Lilly v. Commonwealth, 218 Va. 960, 243 S.E.2d 208 (1978).

In this case, Smith, his attorney, and the special prosecutor entered into a dispositional plea agreement, which set the specific sentence in the case. The dispositive issue on appeal is whether the court accepted or rejected the plea agreement. Smith contends that the court rejected the plea agreement at the sentencing hearing and, therefore, he was entitled to withdraw his guilty pleas. The Commonwealth, on the other hand, contends that the trial court accepted the plea agreement at the hearing on August 6, 1990, and merely delayed the imposition of punishment until Smith had testified in the companion cases. However, the Commonwealth concedes that if we find that the judge rejected the plea agreement, Rule 3A:8(c)(4) requires that Smith be permitted to withdraw his guilty pleas.

Contrary to the Commonwealth's contention, the trial court did not accept the plea agreement at the August 6, 1990 hearing. The record reflects that the trial court accepted Smith's guilty pleas, found him guilty of the charges, and reviewed the plea agreement. However, the court did not sign the plea agreement on the line designated "approved," and did not impose the sentence set forth in the plea agreement. Additionally, at the sentencing hearing on July 22, 1991, the trial court expressly refused to accept the plea agreement and sentenced Smith to forty years on the attempted capital murder charge and two years on the firearm charge. We hold that the court rejected the plea agreement when it failed to impose the sentence provided in the plea agreement. Upon rejecting the plea agreement, the trial court was required to permit Smith to withdraw his guilty pleas. Rule 3A:8(c)(4).

The fact that Smith failed to testify at the trial of Frank Eugene Justus, in apparent violation of the terms of the plea agreement, is of no consequence to our analysis. Rule 3A:8 is silent as to a defendant's right to withdraw a guilty plea, entered pursuant to a dispositional plea agreement, after the defendant breaches the plea agreement. Rule 3A:8 merely states that the defendant has a right to withdraw his guilty plea if the court rejects the plea agreement. Accordingly, there is no basis for the trial court's finding that Smith's breach of the plea agreement deprived him of his right to withdraw his guilty pleas.

Because the trial court rejected the plea agreement, we hold that the trial court erred in refusing to permit Smith to withdraw his guilty pleas pursuant to Rule 3A:8(c)(4). Therefore, we reverse the trial court's judgment and remand for a new trial.

*Reversed and remanded.*

Moon, C.J., and Barrow, J., concurred.