PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and O'Brien
Argued at Lexington, Virginia

DANIEL ERNEST McGINNIS

v.       Record No. 0117-17-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
DECEMBER 12, 2017

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
R. Edwin Burnette, Jr., Judge

Keith Orgera, Deputy Public Defender, for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

BACKGROUND

On April 4, 2016, the grand jury for the City of Lynchburg indicted Daniel Ernest

McGinnis ("appellant") on three separate counts of larceny by passing worthless checks in

violation of Code § 18.2-181.  Appellant was represented by counsel during the October 25,

2016 trial.[1]  After the trial, the circuit court convicted appellant on all three counts of larceny.

On December 29, 2016, the circuit court sentenced appellant to three years on each larceny

count.  The circuit court suspended two years and two months on each count, leaving an active

sentence of two years and six months.

---

[1] At trial, appellant was represented by counsel from the Public Defender's Office.  On appeal, another member of the Public Defender's Office replaced appellant's trial counsel. During oral argument in this Court, appellant's counsel acknowledged that appellant was represented by counsel during every stage of the proceedings in the trial court relevant to this appeal, and at no point was appellant proceeding *pro se*.

On January 18, 2017, the twentieth day after the sentencing order was entered, appellant filed a "Motion to Set Aside Verdict and For a New Trial" (hereinafter the "Motion"). Appellant personally signed his Motion, and notably appellant's trial counsel did not sign it. In his Motion, appellant claims:

> The evidence is insufficient as a matter of law to support the conviction of grand larceny. In the Commonwealth of Virginia, a bad check for full or partial payment of debt would be liable for civil action, but not criminal penalties. If there is no intent to defraud, bad checks are not liable for criminal penalties. A check used to pay off a previous bad check or an outstanding debt is also cleared of criminal charges. Checks that the payee was asked to hold do not warrant criminal charges.[2]

On January 19, 2017, the last day of the circuit court's jurisdiction – 21 days after the sentencing order – the court denied appellant's Motion. Through counsel, appellant noticed his appeal to this Court, and the Court granted appellant's petition for appeal.

Appellant's single assignment of error states, "The trial court erred in convicting Mr. McGinnis of three counts of larceny by worthless check in violation of Virginia Code § 18.2-181, as the evidence was insufficient as a matter of law." On brief, appellant argues that the bad checks were given as payment for previously incurred debts. However, appellant's trial counsel did not make this argument during the trial. Pursuant to Rule 5A:20(c),[3] appellant's assignment of error references his post-trial Motion as the place in the record where the claimed error is preserved. Therefore, based upon appellant's own representations to this Court,

---

[2] Presumably, appellant's argument was based upon the provision of Code § 18.2-181, the bad check statute, that states, "Any person making, drawing, uttering or delivering any such check, draft or order in payment as a *present consideration* for goods or services for the purposes set out in this section shall be guilty as provided herein." (Emphasis added).

[3] Rule 5A:20(c) requires that the opening brief for the appellant contain "A statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."

appellant's Motion is the only place in the record where appellant makes the "previous debts" argument that is the basis of his appeal.

On October 3, 2017, this Court directed the parties to be prepared to address an additional question at oral argument: "Is a motion to set aside the verdict that was signed by the defendant but was not signed by defendant's attorney of record sufficient to preserve an issue for appellate review?" Thereafter, on October 4, 2017, appellant's counsel requested to sign the original Motion that is located in the Lynchburg Circuit Court Clerk's Office. The Clerk's Office denied this request by appellant's counsel, and did not permit him to sign the original Motion. On October 6, 2017, appellant's counsel filed a motion requesting that a copy of the Motion, signed by appellant's counsel, be added to this Court's record. Counsel's motion claimed that "Virginia Code § 8.01-271.1 allows for counsel to sign a previously unsigned motion if done so promptly after the matter has been brought to his attention." On October 11, 2017, a panel of this Court heard oral argument on the merits of the case and on the additional question raised *sua sponte* by the Court on October 3, 2017.

For the reasons that follow, we find that we cannot reach the merits of appellant's assignment of error. Appellant's Motion was invalid as appellant was then represented by counsel, yet his trial counsel did not sign the Motion, which is the only place appellant's assignment of error was preserved for appeal. Therefore, because appellant's assignment of error was not preserved in the circuit court, we affirm appellant's convictions. See Rule 5A:18.[4]

---

[4] Rule 5A:18 states,

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

ANALYSIS

Whether appellant's assignment of error is preserved under Rule 5A:18 is a question of law that we review *de novo*. Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010). Answering this question requires an analysis of the applicable statute, Code § 8.01-271.1, the applicable Rules of the Supreme Court of Virginia, and relevant case law.

> Under well-established principles, an issue of statutory interpretation is a pure question of law which we review *de novo*. When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (internal citations omitted).[5]

Code § 8.01-271.1 states:

> [E]very pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . . A party who is not represented by an attorney, including a person confined in a state or local correctional facility proceeding *pro se*, shall sign his pleading, motion, or other paper . . . . If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed

---

[5] If we are able to reach the merits of appellant's assignment of error on the sufficiency of the evidence for his convictions, then this Court views the evidence in the light most favorable to the prevailing party in the trial court, in this case the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

- 4 -

> promptly after the omission is called to the attention of the pleader or movant.

Id.[6]

Based upon the plain language of Code § 8.01-271.1, the General Assembly envisioned two forms of legal representation – one where an individual is represented by counsel and the other where an individual chooses to represent himself *pro se*. See Shipe v. Hunter, 280 Va. 480, 484, 699 S.E.2d 519, 521 (2010) ("For the protection of the public from harassment by frivolous, oppressive, fraudulent or purely malicious litigation, the General Assembly has chosen to hold *attorneys* and *pro se litigants* to a high degree of accountability for the assertions they make in judicial proceedings." (emphasis added)).  The statute does not contemplate a hybrid form of representation where a defendant is simultaneously represented by counsel and also acts *pro se*. See Conyers, 273 Va. at 104, 639 S.E.2d at 178 ("[Courts] must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.").  Simply put, a court's reading the statute as allowing hybrid representation would require inserting words and meaning into the statute that the General Assembly simply did not place into the statute.

In addition to a plain reading of the statute, the interpretation of Code § 8.01-271.1 that requires *either* an attorney of a represented litigant or, if unrepresented by an attorney, the *pro se* litigant to sign motions and pleadings is supported by Rules 1:4 and 1:5 of the Supreme Court.[7]

---

[6] While Code § 8.01-271.1 is a civil statute, the Supreme Court of Virginia applied it to criminal pleadings in Livingston v. Virginia State Bar, 286 Va. 1, 15, 744 S.E.2d 220, 227 (2013) (discussing whether an assistant Commonwealth's attorney violated the rules of professional conduct by signing a brief that quoted an indictment charging a defendant with the wrong offense).

[7] We note that Rule 1.2 of the Virginia Rules of Professional Conduct permits a lawyer to "limit the objectives of the representation if the client consents after consultation."  Va. Sup. Ct. R. Pt. 6, sec. II, 1.2(b).  We further note that nothing within this Court's record indicates that appellant or his trial counsel tried to limit the scope of appellant's representation, for example to

Both rules apply to all pleadings filed in Virginia courts – whether these pleadings are filed in a civil or a criminal case. Rule 1:4(c) states, "Counsel *or* an unrepresented party who files a pleading shall sign it and state his address." Id. (emphasis added). The disjunctive language of Rule 1:4(c) indicates that pleadings are signed either by a Virginia attorney representing a party *or* by the party himself if he is unrepresented and, therefore, acting *pro se*. Similarly, Rule 1:5(c) states, "As required by Code § 8.01-271.1, a party who is not represented by an attorney – including a person confined in a state or local correctional facility proceeding *pro se* – shall sign every pleading, motion, or other paper that he or she serves or files, and shall state his or her address."

Viewing the statute and these rules collectively, neither Code § 8.01-271.1 nor Rules 1:4 and 1:5 contemplate hybrid representation – i.e., where a defendant is both represented by counsel and representing himself (*pro se*). Therefore, a pleading or motion that is signed by a litigant but not signed by a Virginia attorney who is representing the litigant fails to comport with the statute and the rules and is without legal effect. Cf. Shipe, 280 Va. at 483, 699 S.E.2d at 520. Accordingly, a court must strike such a pleading unless the defect can be cured. See Code § 8.01-271.1; see also Shipe, 280 Va. at 485, 699 S.E.2d at 522.

In Shipe v. Hunter, the issue before the Supreme Court was "whether a Virginia lawyer may validly authorize a lawyer licensed elsewhere, but not in Virginia, to sign the Virginia lawyer's name to a pleading." 280 Va. at 482, 699 S.E.2d at 520. In Shipe, the Court applied Code § 8.01-271.1 and held that the subject pleading, which was signed only by foreign counsel, was not properly before the circuit court and was properly dismissed. Shipe, 280 Va. at 485, 699

---

certain issues before the trial court (if doing so would even be permissible), such that his Motion was somehow properly filed *pro se*. At oral argument, appellant's counsel conceded that appellant was represented by counsel at each stage of the proceedings in the trial court – and now on appeal. Therefore, this is clearly not a case where appellant's Motion would be properly before the trial court.

S.E.2d at 522.  The Court stated, "We have repeatedly held that a pleading, signed only by a person acting in a representative capacity who is not licensed to practice law in Virginia, is a nullity."  Shipe, 280 Va. at 483, 699 S.E.2d at 520-21 (citing to Aguilera v. Christian, 280 Va. 486, 488, 699 S.E.2d 517, 518 (2010); Kone v. Wilson, 272 Va. 59, 62-63, 630 S.E.2d 744, 745-46 (2006); Nerri v. Adu-Gyamfi, 270 Va. 28, 31, 613 S.E.2d 429, 430 (2005); Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002)).  The Supreme Court further held that the plaintiff's pleading could not be amended such that it would relate back to the date of his initial filing, and, therefore, the circuit court's dismissal of the pleading was affirmed.[8]  Id. at 485, 699 S.E.2d at 521-22.

Similar to the facts of Shipe, appellant's Motion was not signed by a Virginia attorney, even though he was represented by counsel when he filed it.  Appellant could not sign his Motion on the behalf of counsel.  Rule 1:4; cf. Shipe, 280 Va. at 483, 699 S.E.2d at 520. Because appellant was represented by his counsel at every stage of the proceedings in the circuit court, appellant was never a *pro se* litigant.  Therefore, like the pleading in Shipe, appellant's Motion was not signed by his Virginia attorney, and, while it was signed by appellant, he was not in a *pro se* status.  Thus, like the defective pleading in Shipe, which did not have a valid signature on it, appellant's Motion is invalid – a legal nullity.  Accordingly, the Motion was not

---

[8] We note that Rule 1:5A, which became effective on August 1, 2017, governs the curing of signature defects.  While the relevant pleading here was filed well before August 1, 2017, even if the rule applied retroactively, it would not matter here because the case is now in another court.

Per Rule 1:5A, *pro se* litigants or a Virginia attorney, upon providing written notice to all other parties, may request leave of court to properly sign a pleading or other paper if said document was not signed or was signed improperly.  Rule 1:5A(a), (b).  The ability to grant such a request is within the trial court's discretion.  Rule 1:5A(c).  However, once a matter is on appeal and the trial court has lost jurisdiction, see Rule 1:1, Rule 1:5A would not enable the trial court to still allow appellant to cure his signature defect in the trial court pleading as the matter is now on appeal in a different court.

properly before the circuit court and is insufficient to preserve appellant's assignment of error under Rule 5A:18.

Contrary to these established principles, appellant's counsel on appeal claimed during oral argument that the circuit court's ruling on the Motion was sufficient to preserve the matter for appeal. Essentially, counsel claims that the circuit court's ruling cured the Motion of its procedural defect. While not explicitly stated, appellant's counsel appears to argue that a circuit court can recognize hybrid representation. To the contrary, however, the Supreme Court of Virginia has explicitly stated that there is no right to hybrid representation in the Commonwealth. In Spencer v. Commonwealth, 238 Va. 295, 303, 384 S.E.2d 785, 790-91 (1989) (emphasis added) (internal citations and quotations omitted), the Court stated:

> Under [Faretta v. California, 422 U.S. 806 (1975)],[9] a *pro se* defendant retains actual control over the case he chooses to present. Indeed, control is the core of the Faretta right. Conversely, when a defendant does not assert his Faretta right, counsel has control over the presentation of the case.
>
> If a defendant were permitted to act as co-counsel, however, such a "hybrid" representation could promote a conflict over who controls tactical trial decisions, thereby frustrating the orderly conduct of the trial. Faretta does not require a trial judge to permit "hybrid" representation, *and we hold that no such constitutional right exists*.

We also note that the federal court system and numerous other states do not permit hybrid representation. See, e.g., United States v. Sacco, 571 F.2d 791, 793 (4th Cir. 1978) ("[A] criminal defendant has a constitutional right to represent himself *pro se* if he voluntarily and intelligently elects to do so. But *Faretta* . . . does not speak to the question of joint representation, and the federal courts have uniformly held that there is no correlative right to

---

[9] In Faretta v. California, 422 U.S. 806 (1975), the United States Supreme Court held that a state could not force a defendant to accept court-appointed legal representation. Rather, a defendant may freely and voluntarily waive his right to court-appointed counsel and choose to represent himself.

serve as cocounsel."); Miller v. State, 697 S.E.2d 527, 527 (S.C. 2010) ("Since there is no right to 'hybrid representation' that is partially *pro se* and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a person represented by counsel are not to be accepted unless submitted by counsel."); State v. Gravely, 342 S.E.2d 186, 190 (W. Va. 1986) ("The appellant was not entitled as a matter of right to appear as co-counsel, and we find no abuse of discretion in the court's decision refusing to allow him to do so.").

At oral argument in this case, appellant's counsel argued that this Court's previous holdings in McGee v. Commonwealth, 4 Va. App. 317, 357 S.E.2d 738 (1987), and Chilton v. Commonwealth, No. 0442-00-2, 2001 Va. App. LEXIS 496 (Va. Ct. App. Aug. 28, 2001), support his position that a defendant represented by counsel may submit his own motion without the signature of counsel. Thus, appellant's counsel argues that this Court in McGee and in Chilton permits what the Supreme Court in Spencer expressly denies. However, appellant is incorrect as both of these cases are easily distinguished.

In McGee, the issue before this Court was whether a defendant's timely motion to set aside the verdict, without motions to strike, was sufficient to preserve the issue of sufficiency on appeal. This Court in McGee states:

> The Commonwealth argues that McGee cannot now raise [the issue of sufficiency] since he made no motion to strike the Commonwealth's evidence in the trial court . . . McGee filed with the clerk of the trial court a timely written motion to set aside the verdict . . . [and] [a] prior motion to strike the evidence, however, is not a prerequisite to a motion to set aside the verdict.

McGee, 4 Va. App. at 320-21, 357 S.E.2d at 739-40. Appellant's counsel reads this portion of the opinion as stating that McGee personally filed (not acting through counsel) the motion to set aside the verdict despite his being represented by counsel. However, a reasonable interpretation of the opinion is that the motion was filed by McGee's counsel even though it simply refers to the party as "McGee." Therefore, this Court's opinion in McGee actually does not support

appellant's position.  Regardless, the Supreme Court spoke definitively on this subject in

Spencer – two years after this Court's opinion in McGee.

In Chilton, an unpublished case which is not binding precedent, defendant filed a *pro se*

motion to set aside the verdict in which he challenged the sufficiency of the evidence.  The

Commonwealth argued that sufficiency was not preserved under Rule 5A:18 because "the trial

judge failed to rule on [the motion] and because [the motion] was not filed through Chilton's

attorney."  Chilton, No. 0442-00-2, 2001 Va. App. LEXIS 496, at *6.  However, this Court held

that Chilton's *pro se* motion to set aside the verdict was sufficient to preserve the issue on appeal

because it was filed jointly with a *pro se* motion requesting that Chilton's appointed counsel be

relieved and new counsel be appointed.  This Court stated:

> Chilton's *pro se* filing of this motion does not render it ineffectual
> in raising the sufficiency issue before the trial judge.  In the same
> motion, Chilton asked for a new attorney to be appointed.
> Although Chilton's attorney's actions are binding on him, and, as
> an indigent, Chilton could not discharge his court-appointed
> attorney at will, he petitioned the trial judge for a new attorney and
> in so doing moved to set aside the verdict.  The evidence at the
> final hearing indicated that Chilton and his appointed attorney had
> such serious differences that the trial judge appointed a new
> attorney.  In such a circumstance, the *pro se* motion sufficiently
> fulfilled the requirement of Rule 5A:18 that the matter be
> addressed to the trial judge.

Chilton, No. 0442-00-2, 2001 Va. App. LEXIS 496, at *7-8 (internal citations omitted).  The

case before us is distinguishable from the situation in Chilton in that appellant's motion to set

aside verdict and for a new trial in this case – while indicating his unhappiness with the

effectiveness of his court-appointed counsel – was not made jointly with a motion to appoint new

counsel.  Regardless, as noted *supra*, the Supreme Court has made clear in Spencer that no

constitutional right to hybrid representation exists.

CONCLUSION

In short, we find that "a motion to set aside the verdict that was signed by the defendant but was not signed by defendant's attorney of record" is not sufficient to preserve the argument in appellant's assignment of error for appeal. Neither Code § 8.01-271.1 nor the Rules of the Supreme Court of Virginia permit a defendant to be represented by counsel and also, at the same time, to act *pro se*. In fact, the Supreme Court has explicitly stated that no such right to hybrid representation exists in the Commonwealth. Furthermore, just because the circuit court efficiently ruled on appellant's Motion does not somehow validate an improperly executed motion so that it then preserves for appeal any arguments raised in that Motion.

Likewise, we deny appellant's counsel's motion to this Court to now sign a copy of the Motion filed months ago in the trial court and have that newly signed copy then added to this Court's record on appeal. In so holding we disagree with counsel for appellant's interpretation of Code § 8.01-271.1. Code § 8.01-271.1 states, "If a pleading, written motion, or other paper is *not signed*, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." (Emphasis added). Here, appellant's Motion was not *unsigned.* It was *improperly signed* simply by appellant – but not by his counsel even though he acknowledges he was always represented by counsel in the circuit court. Despite counsel's recent attempt to sign the Motion long after the matter had been appealed, we do not think the General Assembly intended for Code § 8.01-271.1 to permit counsel to remedy a signature defect by finally signing a pleading long after the case is on appeal to a different court – and no longer within the circuit court's jurisdiction.

Therefore, as appellant's lone assignment of error is not preserved for appeal under Rule 5A:18, we affirm appellant's convictions.

<u>Affirmed.</u>