COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Fulton, Callins and Senior Judge Humphreys
Argued at Christiansburg, Virginia


RICHARD EDWARD MOORE

v.      Record No. 0129-24-3

COMMONWEALTH OF VIRGINIA

                                                MEMORANDUM OPINION* BY
                                           JUDGE DOMINIQUE A. CALLINS
RICHARD EDWARD MOORE                            SEPTEMBER 16, 2025
,
v.      Record No. 0766-24-3

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Shannon T. Sherrill, Judge

Amina Matheny-Willard (Law Firm of Amina Matheny-Willard,
PLLC, on briefs), for appellant.

Tanner M. Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellee.


Richard Edward Moore appeals the trial court's judgments finding him guilty of

contempt for disobeying a court order and denying his motion to withdraw his plea of nolo

contendere for perjury.[1]  On appeal, Moore raises procedural and substantive challenges to the

trial court's contempt finding that are properly before this Court, but he also presents challenges

relating to other cases that are not included within his notice of appeal.  We find no error in the

trial court's contempt finding, and we express no opinion on the other matters because we do not

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] For the purposes of this opinion, the Court treats Moore's appeals in Record
Nos. 0129-24-3 and 0766-24-3 as consolidated appeals.

have active jurisdiction to consider them. As to Moore's motion to withdraw his perjury plea, we conclude that Moore's arguments on appeal are waived under the rules of this Court. Accordingly, we affirm the trial court's judgments.

BACKGROUND[2]

On May 26, 2020, Moore was indicted for perjury under Code § 18.2-434.[3] On September 13, 2023, Moore pleaded no contest to the perjury charge under the terms of a written plea agreement, which provided for a deferred disposition under Code § 19.2-298.02. After conducting a colloquy, considering the stipulated facts, and finding that Moore's plea was knowingly, intelligently, and voluntarily made, the trial court accepted the plea agreement and deferred the disposition of Moore's perjury charge for one year, with the understanding that the charge would be dismissed if Moore complied with the terms of the agreement. As part of the agreement, the trial court ordered Moore to complete 40 hours of community service through the Augusta County Litter Control Program by December 1, 2023.[4]

On December 5, 2023, the Commonwealth's Attorney moved for a capias because Moore failed to complete his community service hours by December 1, 2023, as ordered by the trial

---

[2] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard" the defendant's evidence when it conflicts with the Commonwealth's evidence, "regard as true all the credible evidence favorable to the Commonwealth," and read "all fair inferences" in the Commonwealth's favor. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)). Further, portions of this record are sealed. To the extent that specific facts mentioned here are found in the sealed portions of the record, we unseal only those specific facts; the rest of the sealed record remains sealed. *Thomas v. Commonwealth*, 82 Va. App. 80, 93 n.4 (2024).

[3] The trial court designated the perjury charge as case number CR20000230-00.

[4] Moore met with a representative of the program immediately after the hearing. The representative informed Moore that the litter crews operated on Fridays and Saturdays and provided him with information about where to meet.

court as a term of Moore's deferred disposition. The trial court issued a rule for Moore to show cause why he should not be found in contempt for disobeying a court order.[5] The trial court also granted the Commonwealth's request to seal its motion and the show cause order, finding that because of Moore's "substantial resources as evidenced . . . by his frequent travels," he "may potentially attempt to flee the jurisdiction or evade service or arrest." The trial court issued a show cause order on December 6, 2023, and ordered the motion to be sealed until the capias was served. The show cause order and rule to show cause directed Moore to appear in court on January 4, 2024, for "advisement regarding the appointment of an attorney." Moore was personally served with the rule to show cause on December 9, 2023.

On December 8, 2023, Moore filed a motion to extend his community service hours deadline to January 1, 2024. On December 13, 2023, Moore's counsel noted an appearance for the rule to show cause. The same day, the trial court entered a scheduling order "with the consent and approval of the counsel for the accused and the Attorney for the Commonwealth" for a "motion and show cause hearing" to take place on December 15, 2023. The scheduling order indicated that the hearing was for case numbers CR20000230-00 (the perjury charge) and CR20S00230-00 (the contempt charge).

At the December 15, 2023 hearing, Moore's attorneys requested a continuance on the rule to show cause, asserting that they were not aware that the trial court would be adjudicating the contempt charge during the hearing and that they were not fully prepared to give a defense. The trial court denied Moore's request for a continuance, found that Moore violated the terms of his deferred disposition by not timely completing his community service hours, and found him

---

[5] The trial court designated the contempt charge as case number CR20S00230-00.

guilty on both the contempt charge and the underlying perjury charge.[6] The court continued the matter for sentencing on Moore's perjury conviction.

Before the sentencing hearing, Moore moved to withdraw his plea of nolo contendere for perjury. Moore argued that, under *Smith v. Commonwealth*, 17 Va. App. 162 (1993), the trial court would be rejecting the plea agreement if it imposed a sentence greater than provided for in the agreement and that he would be entitled to withdraw his plea under Rule 3A:8(c)(4). After a hearing, the trial court denied the motion, concluding that it was not rejecting—nor had ever rejected—the plea agreement, but rather that Moore had violated the terms of his deferred disposition under Code § 19.2-298.02, thereby permitting the court to enter an adjudication of guilt, pursuant to Code § 19.2-298.02(A) and (B).

The trial court sentenced Moore to five years of imprisonment with four years and three months suspended for the perjury conviction. Moore renewed his motion to withdraw his plea, which the trial court again denied. These appeals followed.

ANALYSIS

I. Contempt—Record No. 0129-24-3

At the outset, we must determine what matters are properly before this Court on appeal. "[N]o appeal will be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time transmits, mails, or delivers a copy of such notice to all opposing counsel." Rule 5A:6(a). "In order to confer active jurisdiction on an appellate court, a notice of appeal must be timely, and it must 'adequately identif[y] the case to be appealed.'" *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021) (alteration in original) (quoting *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010)).

---

[6] During the hearing, the trial court also ruled that, under additional case numbers CR22000393-00 through -03, Moore violated the conditions of his bond.

- 4 -

Moore's notice of appeal refers solely to case number CR20S00230-00 for his contempt conviction and does not list any case numbers relating to his bond revocation proceedings. The notice of appeal also specifically states that Moore is appealing "the final ORDER of the Augusta Circuit Court entered on December 21, 2023, finding Richard E. Moore guilty of Contempt in violation of Virginia Code Section 18.2-456(A)(5)." Thus, Moore's assignments of error concerning the trial court's actions on case numbers relating to his bond revocation are dismissed because we do not have active jurisdiction to consider them. *See Nicholson*, 300 Va. at 22.

### A. *Motion for Continuance*

We review a trial court's decision to grant or deny a continuance for abuse of discretion. *Barrow v. Commonwealth*, 73 Va. App. 149, 152-53 (2021). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "When a criminal defendant argues on appeal that the trial court erred by denying his continuance motion or by granting the Commonwealth's, we apply a 'two-pronged test' asking whether 'the court abused its discretion' and whether the defendant 'was prejudiced by the court's decision.'" *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007) (quoting *Lebedun v. Commonwealth*, 27 Va. App. 697, 712-13 (1998)). "The absence of one renders inconsequential the presence of the other." *Id.* "Prejudice, moreover, 'may not be presumed; it must appear from the record.'" *Id.* (quoting *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

Moore argues that he "received only an inadequate and informal notice" of an "indirect contempt proceeding." Relying on *Davis v. Commonwealth*, 219 Va. 395 (1978), Moore asserts

that he was "not notified of the nature of the charges before being questioned by the circuit court" and that he was denied the opportunity to present a defense. The record does not support this contention.

*Davis* addressed a claim of noncompliance with a subpoena duces tecum for corporate records issued by a special grand jury. 219 Va. at 396. Once documents were produced, the prosecutor informed the trial judge that Davis "had not fully complied with the subpoenas." *Id.* At the trial judge's request, the prosecutor telephoned defense counsel with the judge's request that Davis and defense counsel appear in court the following morning; no rule or other process was issued against Davis. *Id.* at 396-97. Our Supreme Court held that Davis's verbal notice from the prosecutor failed to satisfy due process because "no rule or other sufficient process was issued against Davis" and "[t]he verbal notice received by Davis' attorney did not inform Davis that a hearing would be held to show cause why he should not be adjudged in contempt of court." *Id.* at 398.

We find *Davis* to be inapposite to Moore's contempt conviction. First, unlike in *Davis*, written process—a rule to show cause—was personally served on Moore, and the rule specifically stated that it was for a charge of contempt under Code § 18.2-456(A)(5). Second, although the rule set January 4, 2024, as the hearing date "for advisement regarding the appointment of an attorney," the trial court subsequently issued a scheduling order after Moore's counsel noted an appearance (obviating the need for advisement regarding the appointment of an attorney), which included the case number for the contempt charge and stated that defense counsel had agreed to set the matter for a "motion and show cause hearing" on December 15, 2023. Additionally, in a letter to the trial court, Moore's counsel stated that he understood that the December 15, 2023 hearing would address his motion to extend his community service hours deadline, and the letter referenced the contempt case number. Further, during the hearing on

December 15, 2023, the trial court referenced an email sent to defense counsel by the court's assistant stating: "This will confirm that Richard Moore is scheduled for a . . . motion to extend hearing . . . relating to the rule to show cause for the community service, on Friday, December 15th." The trial court finally observed that "the motion to extend is inextricably linked with the Court's rule to show cause." We conclude that, unlike in *Davis*, the trial court issued sufficient process to Moore on his contempt charge and gave adequate notice of the hearing on that charge.

Finally, we disagree with Moore's contention that he was denied the opportunity to present a defense. Moore availed himself of the opportunity to testify during the December 15, 2023 hearing. Moore also made several evidentiary proffers during the hearing that were generally unopposed by the Commonwealth and which the trial court considered in reaching its decision on both the motion for continuance and the contempt charge. In particular, Moore proffered that his attorney in a separate federal case would have testified that he had asked Moore to put off completing the community service hours for as long as possible in order to assist the attorney with Moore's federal trial. After the Commonwealth accepted the proffer, the trial court considered this evidence and nevertheless denied Moore's motion for a continuance to enable this attorney to testify.

Ultimately, we find no abuse of discretion in the trial court's decision to deny Moore's motion for a continuance, nor do we find that Moore was prejudiced by the court's decision.

### B. *Sufficiency of the Evidence*

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). The only relevant question for this Court on appellate review "is,

after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"All courts in this Commonwealth have the power to impose penalties for contemptuous conduct" to "preserve the power of the court and to vindicate the court's dignity." *Gilman v. Commonwealth*, 275 Va. 222, 227 (2008). Under Code § 18.2-456(A)(5), a trial court may find a party in contempt for "[d]isobedience or resistance . . . to any lawful . . . order of the court." "[I]n criminal contempt proceedings, it is essential to consider whether the accused intended to undermine [the court's] authority." *Becker v. Commonwealth*, 64 Va. App. 481, 491 (2015) (first alteration in original) (quoting *Singleton v. Commonwealth*, 278 Va. 542, 550 (2009)). "Whether the defendant has the required intent is a question for the trier of fact." *Welch v. Commonwealth*, 79 Va. App. 760, 768 (2024). "A defendant's intent may be proved by circumstantial evidence, including the defendant's statements and conduct." *Id.* "Under Virginia precedent, willfulness or recklessness satisfies the intent element necessary for a finding of criminal contempt." *Becker*, 64 Va. App. at 491 (quoting *Abdo v. Commonwealth*, 64 Va. App. 468, 477 (2015)).

Moore argues that the Commonwealth's evidence was insufficient to prove that he intentionally disobeyed the court's order. During the hearing on Moore's contempt charge, Moore proffered that he had been unable to complete the required hours due to being "turned away" during the weekend following the Thanksgiving holiday and due to becoming ill with COVID. Moore testified that on the Friday before Thanksgiving, he went to the pick-up location

for the litter detail but was having trouble breathing, so he went to Wal-Mart and CVS to purchase medication, and by the time he returned to the rendezvous location, the group had left. Moore also testified that he contracted COVID during the week after Thanksgiving. The Commonwealth did "not accept [Moore's] word that he had C[OVID]," but accepted that Moore "claimed to his medical provider in a telehealth meeting that he had C[OVID]." The Commonwealth accepted Moore's proffer that he had attempted to perform community service on the Friday after Thanksgiving. In turn, the Commonwealth proffered that Moore had not completed any community service hours as of December 1, 2023, and Moore's counsel accepted the proffer.

The trial court ultimately found Moore guilty of contempt for disobeying a court order. In reaching this ruling, the trial court observed that Moore had approximately ten weeks from the date he entered his plea on September 13, 2023, to the December 1, 2023 deadline to complete his community service hours. Yet, despite this ample amount of time, the trial court found that "there's no indication that [Moore] made any effort at all to do any of it until the couple of weeks prior to the expiration of the time." The trial court further observed that Moore's last-minute efforts to complete his community service hours "were completely ineffectual." Finally, the court noted Moore's extensive out-of-state travel during the relevant time period and observed that Moore "certainly had time to travel to New York City, to Delaware, Tampa, Florida, but didn't have time to follow this Court's order."

Considering the totality of the evidence and Moore's utter failure to make any meaningful progress towards completing his community service hours, the trial court could have rationally concluded that Moore willfully disobeyed the court's order. Thus, we will not disturb the trial court's contempt finding against Moore.

## II. Perjury—Record No. 0766-24-3

Moore argues that the trial court erred in denying his motion to withdraw his plea of nolo contendere to perjury. Without any further explanation or support, Moore asserts in his opening brief that "the reasons set forth by Moore's counsel" in his motion to withdraw his plea "constituted good cause to allow Moore to withdraw his plea of nolo contendere." Moore's undeveloped argument is insufficient under this Court's rules, and the argument is thus waived.[7] *See* Rule 5A:19(e) ("Attempts to incorporate arguments made below by reference to pleadings, motions, memorandum, or other filings are prohibited."); Rule 5A:20(e) (requiring opening briefs to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error").

Moore further argues that the trial court should have permitted him to withdraw his plea under *Parris v. Commonwealth*, 189 Va. 321 (1949), which states:

> The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason;

---

[7] At trial, Moore's counsel relied extensively on *Smith v. Commonwealth*, 17 Va. App. 162 (1993), in support of his motion to withdraw his plea. During oral argument before this Court, Moore's appellate counsel cited *Smith* as authority for the proposition that when the trial court did not dismiss Moore's charge despite Moore's noncompliance with the conditions of his plea, the trial court rejected the plea agreement. When asked where on brief Moore developed his argument relying on *Smith*, appellate counsel initially stated that she "was looking at page 26 . . . and 27" of the brief for "the first record number," 0766-24-3, as containing the reference to *Smith*. On rebuttal, Moore's counsel began by "reiterat[ing]" to the Court that the *Smith* citation could be found at "pages 26 and 28" of the opening brief for Record No. 0766-24-3. The analysis section of Moore's opening brief in Record No. 0766-24-3 contains no citations to *Smith*. Indeed, pages 26 and 28 of the opening brief are nonexistent, as the opening brief is only 23 pages long. Moore's opening brief for Record No. 0129-24-3 is substantially longer,—49 pages—yet no page of that brief, including pages 26 and 28, cites the *Smith* case. *See* Va. R. Pro. Conduct 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal[.]").

- 10 -

> or even where it was entered inadvisedly, if any reasonable ground
> is offered for going to the jury.

*Id.* at 325 (quoting 14 Am. Jur. *Criminal Law* § 287 (1938)). In his motion to withdraw his plea, however, Moore never argued to the trial court that he should be permitted to withdraw his plea under the *Parris* standard; he argued only that the trial court was rejecting the plea agreement and that he should be permitted to withdraw his plea under *Smith* and Rule 3A:8(c)(4). Thus, the *Parris* argument is also waived. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."). Moore "does not ask this Court to invoke the good-cause or ends-of-justice exceptions to Rule 5A:18, and we will not apply the exceptions sua sponte." *Terry v. Commonwealth*, 81 Va. App. 241, 254 n.4 (2024).

Since Moore's arguments on this assignment of error are waived under this Court's rules, we affirm the trial court's decision to deny his motion to withdraw his plea.

CONCLUSION

For the foregoing reasons, the trial court's judgments are affirmed.

*Affirmed.*