# COURT OF APPEALS OF VIRGINIA

## Record No. 0696-25-3

DANIEL LEE SINE

v.

COMMONWEALTH OF VIRGINIA

Present: Judges O'Brien, Lorish and Senior Judge Humphreys

Argued at Lexington, Virginia

Opinion Issued April 7, 2026

## FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

John S. Koehler (The Law Office of John S. Steele, PLLC, on briefs), for appellant.

Sandra M. Workman, Senior Assistant Attorney General (Jason S. Miyares,[1] Attorney General, on brief), for appellee.

## PUBLISHED OPINION BY
## <u>JUDGE ROBERT J. HUMPHREYS</u>

Daniel Lee Sine pleaded guilty under a plea agreement to malicious wounding. The Circuit Court of Botetourt County convicted Sine and sentenced him to a term of 20 years' incarceration, with 16 years suspended. In this appeal, Sine asserts that the sentence the trial court imposed departed from the term specified in the plea agreement, so the court erred by not granting his post-judgment motion to set the sentence aside and resentence him according to the plea agreement, or alternatively, to withdraw his guilty plea. For the following reasons, we affirm the circuit court's judgment.

---

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND

Sine was indicted for aggravated malicious wounding. He entered an agreement with the Commonwealth to plead guilty to an amended charge of malicious wounding. The plea agreement provided that the court would sentence Sine after a presentence report, but he would be released on bond pending sentencing. His presentence release would be supervised by a probation officer and include weekly drug screenings. "If no problems [arose] during his release," the plea agreement continued, the court would sentence Sine to 10 years' incarceration, with all but time served suspended. The circuit court accepted the plea agreement, convicted Sine of malicious wounding, ordered a presentence report, and released him on bond pending sentencing. The trial court expressly advised Sine, "It's important for you to follow the terms of this . . . in order to get the benefit of it." The court's conditions for release included "abstinence from alcohol."

While on release, Sine battered and threatened another individual, resulting in a charge of assault and battery. He also admittedly consumed alcohol and tested positive for it at a drug screening. The Commonwealth moved to revoke his bond. After a hearing, the circuit court stated, "You have . . . an agreement and you violated the agreement," granted the Commonwealth's motion, revoked Sine's bond, and ordered him detained until sentencing.

A probation officer completed the presentence report and calculated a sentencing guidelines recommendation. The discretionary sentencing range was an active sentence of three years and five months to seven years and seven months, with a midpoint of six years and four months. At the sentencing hearing, the Commonwealth asked for a 20-year sentence, with all but 6 years and 4 months—i.e., the sentencing range midpoint—suspended. Sine, through counsel, asked to be sentenced "at the low end of the guidelines"; he did not ask to be sentenced in accordance with the plea agreement or to withdraw his plea.

The court sentenced Sine to a term of 20 years' incarceration, with all but 4 years suspended. The court asked Sine if he had any questions. Sine personally asked, "So how long did I get?" The court reiterated that it would impose a four-year active sentence, with credit for time served, which was about a year. Sine personally replied, "Awesome." He did not mention the plea agreement, ask why the sentence departed from the agreed term, ask the court to impose the agreed sentence, or ask to withdraw his guilty plea.

The circuit court entered a final order memorializing its ruling on March 24, 2025. The next day, Sine wrote a letter to the court requesting resentencing in accordance with the plea agreement or, alternatively, to withdraw the plea agreement and his guilty plea. The court's judicial administrative assistant forwarded the letter to Sine's trial counsel and the Commonwealth on April 10, 2025. Sine's counsel filed no further motion, and the court entered no order addressing Sine's requests. On April 15, 2025, Sine filed a timely *pro se* notice of appeal and requested the appointment of appellate counsel. The court appointed Sine's present counsel to represent him in this appeal. Sine appeals from the court's failure to grant either of the requests in his *pro se* letter.

ANALYSIS

When a trial "court accepts [a] plea agreement, the court must inform the defendant that it will embody in its judgment and sentence the disposition provided for in the agreement." Rule 3A:8(c)(3). But "Rule 3A:8 is silent as to a defendant's right to withdraw a guilty plea, entered pursuant to a dispositional plea agreement, after the defendant breaches the plea agreement." *Smith v. Commonwealth*, 17 Va. App. 162, 165 (1993).

Sine asserts that he had a due process right to withdraw his guilty plea when he was sentenced in violation of the plea agreement. He claims that the language in the plea agreement, that the circuit court would impose the agreed sentence "[i]f no problems [arose] during his

[presentence] release," is ambiguous and did not clearly inform him that the conduct for which his presentence release was revoked violated the plea agreement. Further, he continues, neither the Commonwealth nor the court notified him before sentencing that he would not receive the agreed sentence, and he was not advised of a right to withdraw his guilty plea. Regardless of whether the court imposed the four-year active sentence because it rejected the plea agreement or because it construed Sine to have violated it, he argues that he was entitled to withdraw his plea under *Smith*.

The Commonwealth counters that Sine's arguments about resentencing are barred by the prohibition on approbating and reprobating. The Commonwealth notes that at the sentencing hearing, Sine, through counsel, did not ask for the agreed sentence but for a sentence at the low end of the sentencing guidelines range, which was three years and five months; Sine received a sentence of four years minus time served. Thus, the Commonwealth contends, he asked for the sentence the court imposed but now rejects it. Sine replies that his counsel's request for a sentence at the low end of the guidelines range did not approbate and his post-judgment request to either receive the agreed sentence or withdraw his guilty plea did not reprobate. We agree with the Commonwealth.

"A litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory,' or else such arguments are waived." *AV Auto., L.L.C. v. Bavely*, 85 Va. App. 559, 577 (2025) (quoting *Amazon Logistics, Inc. v. Va. Emp. Comm'n*, 304 Va. 107, 114-15 (2025) (per curiam)). "This estoppel doctrine has been a 'longstanding component of our jurisprudence' and applies whenever a litigant 'has affirmatively staked out a position or asked the court to act.'" *Page v. Portsmouth Redev. & Hous. Auth.*, 303 Va. 259, 267 (2024) (quoting *Commonwealth v. Holman*, 303 Va. 62, 71-72 (2024)). "'The approbate-reprobate doctrine is broader and more demanding than' the rules of procedural default." *Holman*, 303 Va. at 72 (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)). Although the doctrine does not apply to some judgments, such as those entered

- 4 -

without subject-matter jurisdiction or imposing a sentence that is void because it exceeds the statutory maximum, *id.* at 72 n.2, "[t]here is no 'ends of justice' exception to the approbate and reprobate doctrine," *id.* at 72 (quoting *Nelson v. Commonwealth*, 71 Va. App. 397, 405 (2020)).

Sine, through counsel, affirmatively requested a sentence at the low end of the guidelines range at the sentencing hearing. When the trial court explained the sentence at Sine's request, he personally replied, "Awesome."[2] Sine's post-judgment request to be resentenced in accordance with the plea agreement repudiated his request at the sentencing hearing. Thus, his argument on appeal that the court erred by not granting his request for resentencing is waived. *Bavely*, 85 Va. App. at 577.

Approbate-reprobate waiver does not extend to Sine's alternative post-judgment request to withdraw his guilty plea, however. "[T]he concept that a party will not be permitted to 'approbate and reprobate' is misplaced in the context of a Code § 19.2-296 motion, which by its very nature requires the defendant to repudiate the prior assertion of guilt and any attendant admissions supporting that assertion." *Bottoms v. Commonwealth*, 281 Va. 23, 33 (2011). The Commonwealth asserts that this argument is still waived, though, because Sine's counsel never moved to withdraw his guilty plea. But Sine himself moved to withdraw his guilty plea in his *pro se* letter: he "respectfully ask[ed] the court to . . . consider . . . withdrawing the entire plea agreement altogether[,] including [his] plea of guilty."[3]

---

[2] Although not dispositive, we note that the sentence imposed by the circuit court was close to the low end of the guidelines.

[3] There is no controlling authority on the validity of a *pro se* motion filed by a represented party. Although this Court held that a *pro se* motion filed by a represented party was a legal nullity and did not preserve for appeal the issue it raised, our Supreme Court vacated that opinion. *McGinnis v. Commonwealth*, 68 Va. App. 262, 270 (2017), *rev'd and vacated*, 296 Va. 489, 508 (2018). Further, in reviewing that case, our Supreme Court expressly declined to decide the question because the issue could be resolved on its merits "on the best and narrowest grounds." *McGinnis*, 296 Va. at 500-01. We follow that example here.

"The decision whether to grant or deny the withdrawal of a plea 'is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" *Commonwealth v. Holland*, 304 Va. 34, 46-47 (2025) (quoting *Parris v. Commonwealth*, 189 Va. 321, 324 (1949)). But "the law often circumscribes the range of choice available to a court in the exercise of its discretion." *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013). Under Code § 19.2-296, a "court is permitted to grant a motion to withdraw a guilty plea after it has imposed the sentence only to correct a manifest injustice." *Howell v. Commonwealth*, 60 Va. App. 737, 746 (2012). "A manifest injustice 'amounts to an obvious miscarriage of justice' or '[a] direct, obvious, and observable error in a trial court.'" *Brown v. Commonwealth*, 297 Va. 295, 300 (2019) (alteration in original) (quoting *Velazquez v. Commonwealth*, 292 Va. 603, 616 (2016)). It includes "an involuntary guilty plea or a plea based on a plea agreement that has been rescinded." *Howell*, 60 Va. App. at 746.

Applying these principles, we disagree with Sine that *Smith* controls here. In *Smith*, the defendant pleaded guilty to several charges under a plea agreement that specified a 60-year sentence, with 47 years suspended. 17 Va. App. at 163. The plea agreement required Smith to "cooperate fully and testify truthfully" in four specific, separate prosecutions and provided that his failure to do so would "constitute a violation of the plea agreement." *Id.* The trial court accepted the guilty pleas, convicted Smith, and continued the case until the four specified prosecutions were complete. *Id.* at 164. But the court neither accepted nor rejected the plea agreement and deferred sentencing. *Id.* Smith later refused to testify in one of the specified prosecutions. *Id.* He moved to withdraw his guilty pleas before his sentencing. *Id.* At the sentencing hearing, the trial court informed Smith that it was "not accepting the plea agreement

because [he] violated the plea agreement." *Id.* The court also refused to allow Smith to withdraw his guilty pleas. *Id.*[4]

On appeal, we held that "the trial court was required to permit Smith to withdraw his guilty pleas." *Id.* at 165. "The fact that Smith" had violated the plea agreement by refusing to testify in one of the specified prosecutions was "of no consequence to our analysis." *Id.* Because Rule 3A:8 was "silent as to a defendant's right to withdraw a guilty plea . . . after the defendant breaches the plea agreement," we ruled that there was "no basis for the trial court's finding that Smith's breach of the plea agreement deprived him of his right to withdraw his guilty pleas." *Id.*

But *Smith* is distinguishable from this case because Sine moved to withdraw his guilty plea *after* he was sentenced, not before. *Cf. id.* at 164. Consequently, the "more severe" manifest injustice standard applies. *Brown*, 297 Va. at 300 (quoting *Lilly v. Commonwealth*, 218 Va. 960, 965 (1978)). Although "a plea based on a plea agreement that has been rescinded" is a "miscarriage of justice," *Howell*, 60 Va. App. at 746, the plea agreement in this case was not rescinded; Sine breached it. The plea agreement specified that the court would impose the sentence "[i]f no problems [arose] during his [presentence] release." The conviction order expressly conditioned Sine's presentence release on "abstinence from alcohol." The court also explained at the plea hearing that "in order to get the benefit" of the agreement, Sine needed to "go to probation," "follow their rules," and consume "[n]o alcohol." Even setting aside the

---

[4] Both *Smith* and this case involved plea agreements calling for a specific disposition under Rule 3A:8(c)(1)(C). Under Rule 3A:8(c)(4), if the court rejects the plea agreement then the defendant has an absolute right to withdraw the plea of guilty. In *Smith*, we found the court had taken the plea agreement under advisement and that at sentencing the court rejected the plea agreement when it stated, "I am not accepting the plea agreement because the Defendant violated the plea agreement." 17 Va. App. at 164-65. Because the court rejected the dispositional plea agreement, Rule 3A:8(c)(4) gave the defendant the right to withdraw the plea of guilty. This case is distinguishable because the court accepted the plea agreement, so the right to withdraw a plea under Rule 3A:8(c)(4) was never triggered.

assault and battery charge, Sine tested positive for consuming alcohol and admitted drinking it.

Under these circumstances, there was no manifest injustice that required the court to grant a

post-sentence motion to withdraw the guilty plea under Code § 19.2-296.[5]

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*

---

[5] In *Smith*, we said that the defendant's breach of his plea agreement was "of no consequence to our analysis." 17 Va. App. at 165. But the question in that case was whether the trial court's rejection of the plea agreement triggered the defendant's right to withdraw his plea *before* sentencing under Rule 3A:8(c)(4). *Id.* at 164-65. It did not matter that the court rejected the plea agreement on the ground that Smith breached it. *See id.* at 165 ("Rule 3A:8 merely states that the defendant has a right to withdraw his guilty plea if the court rejects the plea agreement. Accordingly, there is no basis for the trial court's finding that Smith's breach of the plea agreement deprived him of his right to withdraw his guilty pleas."). The question here is different: it is whether a manifest injustice occurred to permit Sine to withdraw his guilty plea under Code § 19.2-296 *after* sentencing. In this context, Sine's breach of the plea agreement *is* of consequence.